ORIGINAL

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
U.S.D.C. Atlanta
NOV 20 2017
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

v.

TERRYL SCOTT SEESE

**CRIMINAL COMPLAINT**

Case Number: 2:17-MJ-026

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Spence Burnett

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it.  Sworn to before me, and subscribed in my presence

November 20, 2017                                      at    Atlanta, Georgia
Date                                                              City and State

JANET F. KING
UNITED STATES MAGISTRATE JUDGE                _____
Name and Title of Judicial Officer                        Signature of Judicial Officer
AUSA Erin E. Sanders / 2017R00862

# ATTACHMENT A

## Count One

On or about November 4, 2017 in Banks County, in the Northern District of Georgia, defendant TERRYL SCOTT SEESE, having previously convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year, that is:

- Aggravated Assault in Cobb County, GA, Superior Court on 02/14/1997;
- Possession of a Firearm by a Convicted Felon in Rabun County, GA, Superior Court on 9/20/2000

did knowingly possess a firearm, that is, a Norinco SKS, 7.62x39mm caliber rifle, bearing serial number 23002071B, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## Count Two

On or about November 4, 2017 in Banks County, in the Northern District of Georgia, defendant TERRYL SCOTT SEESE, having previously convicted of misdemeanor Battery/Simple Battery - Family Violence in Gwinnett County, GA, State Court on 03/03/2006, did knowingly possess a firearm, that is, a Norinco SKS, 7.62x39mm caliber rifle, bearing serial number 23002071B, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).

The purpose of this affidavit is to establish probable cause for the issuance of an arrest warrant for Terryl Scott SEESE, W/M, DOB: 08/15/1962, for violations of Title 18, United States Code, Sections 922(g)(1) and 922(g)(9).

I, SPENCE BURNETT, being first duly sworn, hereby depose and state as follows:

1. I am an investigative law enforcement officer of the United States within the meaning of section 3051 (a) of Title 18, United States Code, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since February of 2011. Prior to being employed by ATF, I was a civilian Special Agent with the United States Air Force Office of Special Investigations (AFOSI) and was so employed from 2006 to 2011. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigation Training Program, the AFOSI Basic Special Agent Investigators Course, and the ATF Special Agent Basic Training Program.

2. I am currently assigned to ATF Atlanta Group IV, the Organized Crime Drug Enforcement Task Force, in Atlanta, GA. I am charged with the investigation and enforcement of violations of firearms laws and related violations that often go hand in hand with firearms offenses (such as drug-related offenses), and any other violations encountered in the course of my duties. I have extensive experience in the investigation of federal firearms violations, and have perfected federal firearms cases against a variety of defendants.

3. The statements in this Affidavit are based in part on information provided to me by other law enforcement officers and third parties, my review of various records, and my personal experience and background as a Special Agent. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of

every aspect of the investigation. Rather, I have set forth facts that I believe are sufficient to establish probable cause for the issuance of the requested complaint and arrest warrant. Unless specifically indicated otherwise, all conversations and statements described in this Affidavit are related in substance and in part only.

## Facts Establishing Probable Cause

4.      On 11/4/2017, a Law Enforcement Ranger employed by the Georgia Department of Natural Resources (DNR) received an anonymous tip that an individual was hunting deer over bait (a state misdemeanor) in Banks County, Georgia, which is in the Northern District of Georgia. On the same date, at approximately noon, the DNR Ranger, accompanied by a Trooper from the Georgia State Patrol (GSP), traveled to the location to investigate the allegation from the anonymous tipster. Upon arrival, the DNR Ranger observed a hunting blind (an object or structure commonly used by hunters to obscure their presence to animals). A short distance from the blind, the DNR Ranger also observed bait commonly used to attract deer. There was no one present in the blind and the DNR Ranger walked up to a nearby campsite to try and make contact with the hunter. A small, pop-up camper was in the campsite, along with a picnic table, on which sat multiple open alcoholic beverages. The DNR Ranger knocked on the door of the pop-up trailer in an effort to contact the hunter. As the DNR Ranger waited for a response from inside the trailer, he heard what he believed to be someone walking behind him in the woods. The DNR Ranger looked in the direction of the noise and observed an unidentified white male who was dressed in camouflage with an object in his hands. As the DNR Ranger made eye contact with the unidentified male, the unidentified male knelt down. The DNR Ranger gave commands for the unidentified male to show his hands. The male then stood back up and began walking towards the DNR Ranger.

5.  The unidentified man was subsequently detained and identified as Terryl Scott SEESE, W/M, DOB: 8/15/1962. Once SEESE was in handcuffs, the GSP Trooper located a firearm laying on the ground where SEESE initially knelt down. The firearm was later identified as a Norinco SKS, 7.62x39mm caliber rifle, bearing the Serial Number 23002071B, loaded with a magazine containing 19 rounds of 7.62x39mm ammunition.

6.  Following the administration of standardized field sobriety tests, the DNR Ranger arrested SEESE on a number of State misdemeanors, as well a State felony charge of possession of a firearm by a convicted felon.

7.  On 11/13/2017, I met with DNR Rangers and took possession of the Norinco SKS rifle. I also obtained body camera footage from the DNR Ranger of the interaction with SEESE.

### SEESE's criminal history

8.  On 11/15/2017, I completed a review of SEESE's criminal history provided by the National Criminal Information Center. The criminal history revealed that SEESE had been convicted of several felonies, including but not limited to, Aggravated Assault in Cobb County, GA, Superior Court on 02/14/1997 and Possession of a Firearm by a Convicted Felon in Rabun County, GA, Superior Court on 9/20/2000.

9.  I additionally consulted the Georgia Department of Corrections (DOC) public website to determine if SEESE had ever served time in the State prison system. The GA DOC website revealed a Terry Scott SEESE, aka Terryl Scott SEESE, who had previously served time in state prison from 3/14/1997 through 7/6/1999 for Aggravated Assault in Cobb County. It additionally showed that the same individual served state prison time from 10/24/2000 to 9/15/2002 for Possession of a Firearm by a Convicted Felon in Rabun County, GA. I additionally compared the photograph on the GA DOC website to the Georgia Driver's License photograph for

Terryl Scott SEESE, and the body camera footage from the DNR Ranger. Based upon a comparison of the physical characteristics in the three separate images, I believe that the Terryl Scott SEESE arrested by GA DNR for possession of a firearm by a convicted felon on 11/4/2017 in Banks County, GA, is the same Terryl Scott SEESE who was previously convicted of the aforementioned Aggravated Assault and Possession of a Firearm by a Convicted Felon offenses, crimes punishable by more than one year in prison.

10. Furthermore, the NCIC report revealed a misdemeanor conviction for Battery/Simple Battery - Family Violence in Gwinnett County, GA, State Court on 03/03/2006. On 11/16/2017, I consulted the Gwinnett County, GA, Courts public website and determined that a Terry Scott SEESE, W/M, born in 1962, pled guilty on 03/03/2006 to two counts of Battery-Family Violence before Judge Emily J. Brantley. Based upon the similarities of name, year of birth, and NCIC criminal history, I believe that the Terryl Scott SEESE arrested by GA DNR on 11/4/2017 is the same as the Terry Scott SEESE previously convicted of a misdemeanor crime of domestic violence.

Firearm Interstate Nexus

11. On 11/14/2017, I spoke with ATF SA Allan McLeod, an ATF interstate nexus expert. SA McLeod has been specially trained by ATF to determine whether or not firearms have traveled in or affected interstate or foreign commerce, and has been admitted as an expert witness in the Northern District of Georgia regarding interstate commerce of firearms. SA McLeod told me that the Norinco SKS rifle was not manufactured in the State of Georgia, and that if recovered in the State of Georgia, the rifle had in fact traveled in or affected interstate or foreign commerce.

4

## Conclusion

12.     Based upon the foregoing, I believe that there is probable cause to conclude that Terryl Scott SEESE, W/M, DOB: 8/15/1962, having previously been convicted of a crime punishable by more than one year in prison, as well as a misdemeanor crime of domestic violence, possessed a firearm and ammunition on 11/4/2017 in the Northern District of Georgia, that had traveled in or affected interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 922(g)(9).